**Jean HART, Admx., Plaintiff,**

v.

**Richard BOURQUE, Jr., et al., Defendants.**

**Civ. A. No. 80–1909–N.**

United States District Court, D. Massachusetts.

May 3, 1985.

Althea Lloyd, Henry F. Owens III, Owens & Associates, Boston, Mass., for plaintiff.

Robert Mueller, Asst. U.S. Atty., for U.S.A.

Linda M. Irvin, Asst. Atty. Gen., Boston, Mass., for Newman Flanagan.

Nicholas Foundas, Boston Police, Office of Com'r, Boston, Mass., for Jordan, White, City of Boston.

Stephen P. Pearlmutter, Asst. Corp. Counsel, Boston, Mass., for Richard Bourque.

## MEMORANDUM AND ORDER

DAVID S. NELSON, District Judge.

Plaintiff, the mother of a teenager killed during an altercation with City of Boston Police officers, has moved for an award of attorney's fees under 42 U.S.C. § 1988 following settlement of her civil rights action against the City and several individual defendants. After a painstaking review of voluminous documents, with the principles of, *e.g.*, *Copeland v. Marshall*, 641 F.2d 880 (D.C.Cir.1980) (en banc); *Furtado v. Bishop*, 635 F.2d 915 (1st Cir.1980); and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) in mind, the court orders an award of $58,372.03, plus interest.

The court began its calculations of the amount due for compensation by determining the "lodestar": the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Plaintiff's counsel supports his fee request with an itemized account of time expended in the preparation and prosecution of his claim. I have divided the itemized time into separately compensable categories: (1) court appearances and preparation therefor; (2) review and drafting of pleadings and memoranda, and depositions and preparation therefor; (3) conferences and substantive phone calls; (4) legal research; and (5) administrative and clerical tasks.

The court finds that the following respective numbers of hours were reasonably expended by members of the defense team:

(A) Henry F. Owens, III

| | | |
|---|---|---|
| 1) | 12.01 | hours |
| 2) | 52.5 | hours |
| 3) | 41.38 | hours |
| 4) | 10.32 | hours |
| 5) | zero | hours |

for a total of 116.21 hours;

(B) Joyce Wheeler Poulin

| | | |
|---|---|---|
| 1) | 4.5 | hours |
| 2) | 63.75 | hours |
| 3) | 5 | hours |
| 4) | 19.5 | hours |
| 5) | zero | hours |

for a total of 92.75 hours;

(C) Ellen K. Wade

| | | |
|---|---|---|
| 1) | 3.5 | hours |
| 2) | 8.75 | hours |
| 3) | 23.25 | hours |
| 4) | 6 | hours |
| 5) | 1 | hour |

for a total of 42.5 hours;

(D) David C. Casey

| | | |
|---|---|---|
| 1) | 1.87 | hours |
| 2) | 4.25 | hours |
| 3) | 1 | hour |
| 4) | zero | hours |
| 5) | zero | hours |

for a total of 7.12 hours;

(E) Daniel M. Satinsky

| | | |
|---|---|---|
| 1) | 2.5 | hours |
| 2) | zero | hours |
| 3) | 4 | hours |
| 4) | 11.25 | hours |
| 5) | .75 | hours |

for a total of 18.5 hours;

(F) Sherry S. Leibowitz

| | | |
|---|---|---|
| 1) | zero | hours |
| 2) | 19 | hours |
| 3) | 21 | hours |
| 4) | 39 | hours |
| 5) | zero | hours |

for a total of 79 hours; and

(G) Althea Lloyd

| | | |
|---|---|---|
| 1) | 7 | hours |
| 2) | 118 | hours |
| 3) | 69.5 | hours |
| 4) | 59 | hours |
| 5) | 1.25 | hours |

for a total of 254.75 hours.

■ Although the foregoing assessment takes into account the general categories of compensable time, the court did not give plaintiff's counsel credit for the following categories of unnecessary time: that devoted to continuing legal education; that spent travelling; that spent on arrangements for lectures or publications about the case; or that spent doing extensive legal research when the parties were on the verge of reaching a settlement.

■ Moreover, the court was not inclined to compensate plaintiff for over 800 hours of time donated by law students and other local volunteers. This is not to say, however, that counsel were not compensated for time spent supervising or reviewing the work of these volunteers. It would be well to review two other objections raised by the defendants to the plaintiff's counsel's calculations. The first has to do with time spent on the claims against defendants City of Boston, former Mayor White, and Police Commissioner Jordan. Specifically, defendants argue that this time is noncompensable because plaintiff was not "successful" on these claims. This argument is seemingly rooted in the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. at 440, 103 S.Ct. at 1943, that is, "[w]here plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claims should be excluded in considering the amount of reasonable fee." The problem with defendants' position is that the settlement in this case included all defendants.[1] The cases which defendants cite are simply inapposite in that on their facts, the plaintiffs clearly prevailed against some defendants and not others. *See e.g., Hensley v. Eckerhart,*

*supra, Wojtkowski v. Cade,* 725 F.2d 127, (1st Cir.1984).

■ The defendants also challenge the fee application on the grounds of what they characterize as overzealousness by inexperienced, young lawyers. In defendants' view, the court should reduce the number of hours claimed by an across-the-board percentage which reflects seeming disorganization and "overkill" on the part of plaintiff's representatives. The court is not inclined to adopt such an approach. To do so might run the risk of either penalizing aggressive advocacy practiced by young lawyers or penalizing growing law firms, the membership and philosophies of which are in transition. To the extent that particular actions of plaintiff's counsel were unreasonable, the court's calculation of compensable hours so reflects.

■ The next step in establishing an appropriate fee award is to determine the reasonable hourly rate. The court must consider the prevailing market rates in the relevant community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Blum v. Stenson,* — U.S. —, — n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984); *Grendel's Den v. Larkin,* 749 F.2d 945, 955 (1st Cir.1984). In determining the relevant community, courts have turned their evaluation to the immediate geographic area and to the attorney's own prior record of charges. *Id.* at 955–56. In the instant case, Mr. Owens has stated in general terms that his fees have ranged from $105 to $125 per hour and $75 to $125 for his associates. This court also notes that the current billing rates for the "highest partners" in thirteen of Boston's leading firms ranged from $80 to $225 per hour. *Id.* (citing *The American Lawyer Guide to Leading Law Firms,* (1983 Edition)). Keeping in mind that the time period involved here begins long before 1983 and that the lawyers' hourly rates have been varied according to the type of service per-

---

**1.** *See Nadeau v. Helgemore,* 581 F.2d 275 (1st Cir.1978) (settlement or consent decree entitles plaintiffs to attorney's fees).

formed, the court finds the following rates for the respective categories of work reasonable:[2] 1) Mr. Owens, $125 per hour for court appearances and preparation therefor, $115 per hour for review and drafting of pleadings and memoranda and depositions and preparation therefor, $105 per hour for conferences and substantive phone calls, $95 per hour for legal research, and $60 per hour for administrative and clerical tasks. As for the associates, who are of similar background and experience, the court finds $75, 65, 60, 50, and 35 per hour, per respective category, to be reasonable. The "lodestar" figure for Mr. Owens' services is thus $12,864.05; for Ms. Poulen, $5,756.25, for Ms. Wade, $2,561.25; for Mr. Casey, $476.50; for Mr. Satinsky, $1,016.25; for Ms. Leibowitz, $4,445; and for Ms. Lloyd, $15,358.75.

 Plaintiff has also requested an upward adjustment in the "lodestar" figure to reflect, for example, the undesirability of the case and the contingency of the recovery. Defendants' object to an upward adjustment because, in their opinion, the case was neither undesirable nor terribly uncertain in result since there was considerable damaging evidence against the police officers involved.

The court does not share defendants' assessment of this case. Plaintiff and her counsel faced an uphill battle from the institution of this action, and fought that battle in a very hostile environment. Indeed, Mr. Owens received death threats, turned down and, in some instances, lost profitable work in order to pursue his client's claims. Moreover, he was willing to engage in this pursuit at his own considerable expense. *Blum v. Stenson*, did rec-

ognize that an enhanced award may be justified in the "rare case" where the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates and the success was exceptional. *See Garrity v. Sununu*, 752 F.2d 727, 739 (1st Cir.1984). Moreover, the option to adjust the lodestar may be appropriate to compensate attorneys for taking on particularly complex cases with an unusually high risk that no recovery will result. *Copeland v. Marshall*, 641 F.2d 880, 892–893 (D.C.Cir.1980) (*en banc*). The Supreme Court, however, has cautioned against upward adjustments inasmuch as the product of reasonable hours times a reasonable rate normally provides a reasonable fee within the meaning of the statute. *See Hensley v. Eckerhart, supra; Blum v. Stenson*, —— U.S. at ——, 104 S.Ct. at 1548.

More recently, the First Circuit Court of Appeals recognized an upward adjustment on the rare occasion "where the legal representation is unusually good and exceptional results are obtained." *Garrity v. Sununu, supra* at 738. The instant case presents such a "rare" case in that its undesirability and contingency nature are in no way subsumed within other factors used to calculate the reasonable fee. The court finds that an upward adjustment factor of .20 is appropriate bringing the reasonable fee in this case to $50,973.66.[3]

In addition, the court finds $7,398.37 in expenses and costs, reflecting all but the costs of Probate Court filing fees, funeral costs, and travel costs and expenses, to be reasonably compensable.

Accordingly, defendants Richard W. Bourque, Richard Roe, John Smith, Joseph Jordan, Kevin White and Newman Flana-

---

**2.** Affidavits have been submitted by each party in support and in opposition to the plaintiff's fee claim. Attorney Michael Avery, who had three years' less experience than Mr. Owens, stated that his normal rate was $100 per hour. Attorney Lawrence F. O'Donnell, with more experience than Mr. Owens, stated that he charged $200 per hour and $75 per hour for his associate. He added that plaintiff's proposed rates were "entirely fair and reasonable" and suggested that Mr. Owens charge at a rate of $125 to $175 an hour for his services.

**3.** Defendants contend that any upward adjustment in the lodestar will result in a "double recovery." Both Owens' and his associates' average hourly rates of $104 and $57 are below the going market rate. Adding the 20 percent upward adjustment to these rates makes them $124.8 and $68.4, still within the range of the rates indicated in both parties' supporting affidavits. *See* note 2, *supra.*

gan are directed to pay to the plaintiff the amount of $58,372.03, plus interest.