**FUDDRUCKERS, INC., a Texas corporation, Plaintiff,**

v.

**DOC'S B.R. OTHERS, INC., an Arizona corporation; Douglas J. Koppes and Mary F. Koppes, his wife; Dr. Gerald M. Koppes; and Steven N. Koppes, Defendants.**

**No. CIV 84–1155 PHX CLH.**

United States District Court, D. Arizona.

June 18, 1985.

---

## MEMORANDUM OPINION
## AND ORDER

HARDY, District Judge.

Plaintiff brought this action under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). There was a lengthy jury trial. Before trial, plaintiff dismissed its claim against the defendant Mary Koppes insofar as it sought to impose liability on her as a principal. A directed verdict was entered in favor of the defendant Steven N. Koppes. The jury returned a verdict in favor of the other defendants. The defendants have applied for an award of attorney's fees. The application will be granted.

Section 35 of the Lanham Act, 15 U.S.C. § 1117, authorizes attorney's fees in "exceptional cases," but Section 43(a), 15 U.S.C. § 1125(a), makes no mention of attorney's fees. However, in *Rickard v. Auto Publisher, Inc.*, 735 F.2d 450 (11th Cir.1984), after investigating the legislative history of the Act and analyzing its purpose and intent, the 11th Circuit held that Section 35 relief is available in Section 43(a) actions. *Accord, Metric and Multistandard Components v. Metric's, Inc.*, 635 F.2d 710 (8th Cir.1980).

This case is an exceptional case that entitles the defendants to an award of attorneys' fees. In *Mennen Co. v. Gillette Co.*, 565 F.Supp. 648, 657 (S.D.N.Y.1983), *aff'd*, 742 F.2d 1437 (2d Cir.1984), the court held that "[t]here is a substantial overtone in this case to warrant an inference that this case was initiated as a competitive ploy and that assessment of attorney's fees was appropriate." A number of aspects of this case point to the same conclusion. First, this case would never have been submitted to the jury had there not been circumstantial evidence that the defendants deliberately copied plaintiff's trade dress, which permitted inferences of likelihood of confusion and secondary meaning. *See Brooks Shoe Mfg. Co. v. Suave Shoe Corp.*, 716 F.2d 854, 859–60 (11th Cir.1983). Second, there was evidence that Fuddruckers had brought numerous lawsuits against other restaurant operators who had adopted restaurant and trade dress concepts similar to that of Fuddruckers. Third, and most damning, there is evidence that Phillip Romano, the president of Fuddruckers, said "We are going after any and everybody who's anywhere like us until we are the dominant one in the market place and then we won't care any more."

Additionally, plaintiff's claim that the defendants had infringed a registered trademark was established to be groundless. Plaintiff's claims against two of the individual defendants, Mary Koppes and Steven Koppes, were also groundless. Mrs. Koppes was joined as a defendant simply because she was the wife of Douglas Koppes. The complaint alleged that she participated as a principal in all of the

underlying alleged unlawful actions. The same allegations were made against Steven Koppes, the brother of Douglas and Gerald Koppes. There was no evidence that Mrs. Koppes or Steven Koppes participated in any way in the allegedly illegal actions of the other defendants. A week before trial plaintiff dismissed its claims against Mrs. Koppes. A directed verdict at the close of plaintiff's case was granted in favor of Steven Koppes. It can reasonably be concluded that the allegations against Mrs. Koppes and Steven Koppes were not made in good faith and were simply a form of harassment. The existence of bad faith may establish an exceptional case. *See Burger King Corp. v. Mason,* 710 F.2d 1480, 1495 (11th Cir.1983).

A court in exercise of its equitable powers may also award attorney's fees to a successful party when the interests of justice so require such as when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive circumstances. *F. D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 129–30, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974); *Hall v. Cole,* 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973). The foregoing circumstances would also justify an award of attorney's fees pursuant to this principle.

The defendants also base their claim for an award of attorney's fees on the provisions of A.R.S. § 12–341.01, which authorizes an award of reasonable attorney's fees to the successful party "in any contested action arising out of a contract, express or implied." This case does not arise out of a contract.

In *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974) the court enunciated twelve guidelines for fixing attorney's fee. They were adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69–70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). To the extent that it is applicable, each of these guidelines will be discussed.

1. *The novelty and difficulty of the questions.* There were numerous novel and difficult questions in this case that required considerable expenditure of time and research and preparation. Among them were the applicability of the Lanham Act to trade dress, the applicability of the doctrine of functionality, the determination of secondary meaning, the inferences permitted by evidence of deliberate copying of trade dress, and the measure of damages for such infringement.

2. *The skill requisite to perform the legal services properly.* The preparation and presentation of this case by counsel for both sides was exceptional. They were invariably well prepared on both the facts and the law. Their advocacy was of the highest order.

3. *The preclusion of other employment by the attorney due to the acceptance of this case.* This guideline is significant only in a contingent fee case. Here, the attorneys for the defendants were being compensated for their services.

4. *The customary fee.* No evidence of the customary fee for similar work in the community has been presented.

5. *Whether the fee is fixed or contingent.* This guideline has little application in this case. The *Johnson* court noted that it was "helpful in demonstrating the attorney's fee expectations when he accepted the case." 488 F.2d at 718.

6. *Time limitations imposed by the client or the circumstances.* Time limitations were imposed upon defense counsel by the acceleration of this case for trial and by the fact that there was a lengthy trial.

7. *The amount involved and the results obtained.* Counsel for the defendants successfully defended them. Had plaintiff prevailed, the defendants could well have been put out of business.

8. *The experienced, reputation, and ability of the attorneys.* The law firms representing both sides enjoy excellent reputations. Lead counsel for both sides are experienced trial lawyers. As has already been noted, their performance in this case was exceptional.

9. *The "undesirability" of the case.* This case was not an undesirable case.

10. *The nature and length of the professional relationship with the client.* The relationship of the defendants and their attorneys appears to have commenced with this case.

11. *Awards in similar cases.* No evidence has been presented of awards in similar cases. In all likelihood, there are few, if any, similar cases.

■ 12. *The time and labor required.* Actually, this is the first guideline enunciated in *Johnson.* "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). An application for attorney's fees must be sufficiently detailed to permit the court to make an independent determination of whether the hours claimed are justified. *National Ass'n of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319 (D.C. Cir.1982). The judge must be able to "make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley,* 461 U.S. at 441, 103 S.Ct. at 1943 (Burger, C.J., concurring). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433, 103 S.Ct. at 1939.

■ If more than one attorney is involved, the trial judge must consider the possibility of duplication of effort. *Johnson,* 488 F.2d at 717. The attorneys seeking an award of attorney's fees have the burden of establishing that duplication of effort had not occurred. *Jones v. Amalgamated Warbasse Houses, Inc.,* 97 F.R.D. 355, (1982), *aff'd* 721 F.2d 881 (2nd Cir. 1983), *cert. denied,* 466 U.S. 944, 104 S.Ct. 1929, 80 L.Ed.2d 474 (1984).

■ The trial judge is not required to accept an attorney's valuation of his own time. *Chrapliwy v. Uniroyal, Inc.,* 670 F.2d 760, 767 (7th Cir.1982), *cert. denied,* 461 U.S. 956, 103 S.Ct. 2428, 77 L.Ed.2d 1315, nor is he obligated to adopt the rate and hours claimed merely because his affidavit was not challenged by the attorney on the other side. *Wojtkowski v. Cade,* 725 F.2d 127, 130 (1st Cir.1984). Different hourly rates may be set for different types of litigation tasks. *Capozzi v. City of Albany,* 565 F.Supp. 771, 773 (N.D.N.Y.1983).

The hourly rates at which various lawyers for the defendants billed their services are reasonable.

The defendants' application for attorney's fees suffers from a number of deficiencies. Two are more vexatious than substantive. First, they did not even bother to total the amounts claimed for various services, and their schedule of various services performed, which comprises 25 pages, has the first day's services on the last page and the last day's service on the first page.

■ Second, many entries are not sufficiently detailed to permit a determination of whether the time claimed is justified. One type of entry that falls within this category records simply legal research without identifying the question being researched. A deduction of $1,778.50 is being made for such entries. Other entries lump together a number of services. For example an entry may consist of preparation for argument, argument and conference with client. One cannot determine how much time was spent in preparation, in argument or in conference. A total of $5,634.50 is being deducted for such entries. In addition, any slight inaccuracies in the figures discussed below result from these indefinite entries.

The attorneys for the defendants prepared and filed a motion for summary judgment, a reply to plaintiff's response to the motion and a supplemental reply to plaintiff's supplemental response. A total of 31.20 hours for which defendants seek $3,130 was spent in preparation of the motion. A total of 67.40 hours for which defendants seek $6,545 was spent in preparation of the reply and a total of 15.30 hours for which defendants seek an award

of $994.50 was spent in preparation of the reply to the supplemental response. After reviewing the various motion papers, the Court concludes that an excessive amount of time was spent in their preparation. In addition there appears to have been a considerable duplication of effort. A total of $240 is being deducted from the amount claimed for preparation of the motion for summary judgment and $4,045 is being deducted from the amount claimed for the reply.

The amount claimed for preparing and arguing the motion for summary judgment and motion for sanctions also appears to be excessive. The Court is reducing this amount by $250.

There appears to be some duplication of effort and excessive time in connection with the preparation and drafting of a counterclaim. The amount claimed there will be reduced by $200.

Defendants seek $2,560.50 for 41.20 hours logged in the preparation of jury instructions. This amount appears to be excessive. Most of the requested jury instructions prepared by defendants were taken from various published pattern instructions. The amount claimed will be reduced by $1,280.

A total of 14.60 hours were logged in the preparation of photographic exhibits, for which defendants claim $1,216.50. This is work which could have been done by a non-lawyer. The court is deducting $690.

A total of 13.80 hours was spent on research regarding views of the premises and defendants claim $941. This amount appears to be excessive. The Court is reducing it by $341.

One of defendants' attorneys spent 1.60 hours on "analysis re memorandum to court on intent to cause confusion" and "analysis re jury instructions and directed verdict on intent to cause confusion." The Court has no idea what is meant by "analysis" and therefore is deducting the amount claimed of $104.

There are several time entries for telephone conferences with persons who appear to have been lawyers representing other persons involved in litigation with Fuddruckers. All of these telephone conferences occurred after trial. There has been no showing how they contributed to the outcome of the case. The sum of $336.50 will be deducted.

Finally, the Court is deducting $936 for time spent by attorneys for defendants with relation to a motion to strike plaintiff's motion for a judgment notwithstanding the verdict. Counsel for plaintiff had prepared a memorandum of points and authorities that did not comply with the requirement of Local Rule 11(h) that such memorandum shall not exceed 15 pages. A copy of the memorandum was mailed to the attorneys for defendants before the memorandum was filed with the clerk. When the memorandum was presented to the clerk, he refused to accept it, and counsel for plaintiff had to make some quick deletions. When counsel for defendants learned of this, he created a tempest in a teapot by darkly suggesting that opposing counsel had acted egregiously and that in fact no proper motion had been filed. The motion was eventually denied on its merits.

The defendants also seek an award totaling $2,031.89 for various expenses that are not the usual taxable costs. Such expenses are not authorized by the Lanham Act. *See* 15 U.S.C. § 1117.

Defendants seek a total of $116,-869.26 in attorney's fees and expenses. This amount will be reduced by $17,867.39, and they will be awarded $99,001.87 as attorney's fees.

IT IS ORDERED granting defendants' application for award of attorney's fees and awarding defendants $99,001.87 as a reasonable attorney's fee.