**Hipolito RODRIGUEZ, Plaintiff,**

v.

**Nicolas MUÑOZ, et al., Defendants.**

**Civ. No. 83–1021 HL.**

United States District Court,
D. Puerto Rico.

Aug. 23, 1985.

---

Jesús Hernández Sánchez, Santurce, Puerto Rico, for plaintiff.

Sec. of Justice, P.R., Edgardo Colón Arrarás, Atty. Fed. Lit. Div., & José Angel Rey, Saldaña, Rey, Moran & Alvarado, Santurce, Puerto Rico, for defendants.

## ORDER

LAFFITTE, District Judge.

Present before this Court is plaintiff's fee application under the Civil Rights Attorney's Fees Act, 42 U.S.C. Section 1988, filed pursuant to Local Rule 332, Fed.Proc. Rules Service, District Court for the District of Puerto Rico.

Following a seven-day trial, a jury awarded plaintiff the sum of $60,000 as compensatory damages plus $40,000 in punitive damages. Thereafter, in light of the evidence and the equities involved, defendant's successor in office was ordered to reinstate plaintiff to his former position in the Right to Work Administration.

In support of the fee application a work time sheet with the description of the services rendered, time spent, and the hourly rate charged was filed. Plaintiff requests compensation in the amount of $12,337.50 plus an upward adjustment of 30% to reflect the significance of the result achieved. Plaintiff values in-court time (36.50 hrs.) at $125 per hour, and 77.75 out-of-court hours at $100 per hour.

Defendant countered by challenging the reasonableness of certain items, the rates requested, and the appropriateness for the 30% bonus.[1] Finally, defendant requests that plaintiff's fee application be reduced and recalculated.

In determining what is a reasonable attorney's fee to be allowed to plaintiff as prevailing party in this action, we turn for guidance to Judge Coffin's words in *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945,950 (1st Cir.1984):

---

**1.** In the fee application plaintiff characterized the 30% increase as a "bonus." The Supreme Court has opted for the term "upward adjustment." *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541 at 1547, 79 L.Ed.2d 891, Note 12 (1984).

"[T]o determine the number of hours reasonably spent, we must first determine the number of hours actually spent and then substract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary. *Hensley*, 103 S.Ct. at 1939–40; *Wojtkowski v. Cade*, 725 F.2d 127, 130 (1st Cir.1984), *Furtado [v. Bishop,]*, 635 F.2d [915] 920 [ (1st Cir.1980) ]. In calculating a reasonable hourly rate, one must consider such factors as the type of work performed, who performed it, the expertise that it required, and when it was undertaken ..."

We also take note that in *Marek v. Chesny*, —— U.S. ——, ——, 105 S.Ct. 3012, 3018, 87 L.Ed.2d 1 (1985), the Supreme Court restated that:

"[I]n *Hensley v. Eckerhart*, 461 U.S. 424 [103 S.Ct. 1933, 76 L.Ed.2d 40] (1983), we held that 'the most critical factor' in determining a reasonable fee 'is the degree of success obtained'."

### A. COMPENSABLE HOURS

■ Defendant challenges counsel Hernández-Sánchez' ¼ hour charged for a "Motion Requesting Time to Answer Defendant's Summary Judgment Motion." The filing of routine motions for extension of time have caused courts to deny attorneys fees, defendant asserts. The Court agrees, and therefore, shall disallow this item. Likewise, the Court shall disallow ½ hour charged on September 25, 1985, challenged by defendant and consented to by plaintiff as incorrectly typed on his work time sheet.

■ Defendant further opposes plaintiff's claim for one hour per day spent as courtroom time on January 28 and 29, 1985, because the Court was not in session. The objection is denied. Even though the undersigned did not preside on said two days

because of sudden illness, Magistrate Castellanos held court and selected the jury on January 28, 1985, as scheduled. On January 29th the parties appeared and the jury was excused by the Magistrate on account of the undersigned's continued illness. Thus, the record belies the defendant's claim.[2]

As to other items challenged by defendant, such as alleged travelling time,[3] unnecessary or duplicative legal time, the Court having examined the time sheet filed by plaintiff, the nature of the challenge, and plaintiff's reply thereto, denies the objections and allows said hours as reasonable compensable time.[4] The Court, however, shall reduce from 18 to 10 the hours devoted by plaintiff in researching, drafting, and editing the reply to defendant's motion for summary judgment.

### B. APPROPRIATENESS OF HOURLY RATE

■ Defendant objects to plaintiff counsel's hourly rate of $125 and $100 for trial work and other legal work, respectively. *Blum v. Stenson*, 104 S.Ct. at 1547, N. 11 (1984) mandates that reasonable fees under Section 1988 are to be calculated according to the prevailing market rates in the relevant community for similar services by lawyers or reasonably compared skill, experience, and reputation. Here, plaintiff's counsel has not informed the Court of his customary billing rate or the prevailing rate in the community. Notwithstanding, and as Chief Judge Campbell pronounced in *Wojtkowski v. Cade*, 725 F.2d 127, 130 (1st Cir.1984):

"[T]he Court, moreover, may bring to its knowledge and experience concerning both the cost of attorneys in its market area and the time demands of the particular case. If the time and fee claimed by

---

**2.** See Docket Sheet entries for January 28 and 29, 1985.

**3.** The Court is satisfied that plaintiff did not charge for travelling time.

**4.** "While there ordinarily should be a hearing, and especially is a motion for fees is opposed, we are not prepared to rule that a hearing must always be held." *Kargman v. Sullivan*, 589 F.2d 63, at 67 (1st Cir.1978). See also, *Miles v. Sampson*, 675 F.2d 5 (1st Cir.1982).

the prevailing party are out of line, the Court may 'shave' either or both."[5]

The application of the aforesaid standards to the instant fee application in light of counsel's experience, the high quality of his work in this case, the success obtained, and the Court's knowledge and experience concerning the costs of attorneys practicing before this Court, warrants an allowance of an hourly rate of $100 for trial work and $80 for out-of-court work.

Defendant argues, in opposition to the fee application, that this was not a difficult case; that pursuant to Puerto Rico Supreme Court cases—*Clemente Gonzalez v. Depto. de Vivienda,* 83 JTS 101 (1983), and *Ramos v. Secretario de Hacienda,* 112 DPR 514 (1982)—the outcome of this case could be inferred.

The short answer to this self-defeating argument is that to reduce the fee award on the basis that there is a strong likelihood of success makes little sense, for it would penalize the attorney who undertakes a case where the constitutional violation is clear. Perhaps defendant should have settled promptly and would have avoided contesting plaintiff's claim at every step of the legal process, thereby saving time, efforts, and expenses, including a substantial portion of plaintiff attorney's fees. Furthermore, since neither complexity nor novelty of the issues is an appropriate factor to increase a fee award, *Blum v. Stenson, supra,* it follows that simplicity of the issues per se may not be considered as a legitimate factor to reduce an otherwise reasonable fee application.

Finally, plaintiff requests, and defendant opposes, an upward adjustment of 30%. Because plaintiff has not met the requirements for an enhanced award, the request shall be denied. *Blum v. Stenson, supra.*

### CONCLUSION

In line with the foregoing, the Court hereby awards attorneys fees to the plaintiff in the amount of $9,140.00 for 69.25 out-of-court hours at $80.00 per hour, and 36 in-court hours at $100.00 per hour.

IT IS SO ORDERED.

---

**5.** See also, *Miles v. Sampson,* 675 F.2d 5 (1st Cir.1982).