# United States Court of Appeals
## For the First Circuit

_____

No. 15-2299

CHRISTOPHER HEIEN, individually and on behalf of all others
similarly situated; ANNA NGUYEN, individually and on behalf of
all others similarly situated; ANNA MINIUTTI, individually and
on behalf of all others similarly situated; BENJAMIN SPILLER,
individually and on behalf of all others similarly situated;
ANTONIA PEABODY, individually and on behalf of all others
similarly situated; ENDICOTT PEABODY, individually and on behalf
of all others similarly situated; HUMOUD AL SABAH, individually
and on behalf of all others similarly situated; BRIAN EPSTEIN,
individually and on behalf of all others similarly situated;
LAURA NESCI, individually and on behalf of all others similarly
situated; RON LEVY, individually and on behalf of all others
similarly situated; ANDREA MANGONE, individually and on behalf
of all others similarly situated; NICOLAI JAKOBSEN, individually
and on behalf of all others similarly situated,

Plaintiffs, Appellants,

v.

ARCHSTONE; ARCHSTONE COMMUNITIES, LLC; ASN PARK ESSEX, LLC; ASN
QUINCY, LLC; ASN QUARRY HILLS, LLC; ASN NORTH POINT I, LLC;
ARCHSTONE NORTH POINT, LLC; ARCHSTONE CRONIN'S LANDING; ASN
WATERTOWN, LLC; ASN KENDALL SQUARE, LLC; ARCHSTONE AVENIR, LP;
ASN BEAR HILL, LLC,

Defendants, Appellees.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

_____

Before
Torruella and Barron, <u>Circuit Judges</u>,
and Lisi,[*] <u>District Judge</u>.

_____

<u>Edward Foye</u>, with whom <u>Michael Brier</u>, <u>Kevin Thomas Peters</u>, <u>Arrowood Peters LLP</u>, <u>Matthew J. Fogelman</u>, <u>Fogelman & Fogelman LLC</u>, <u>Joshua N. Garick</u> and <u>Law Offices of Joshua N. Garick</u> were on brief, for appellants.
<u>Craig M. White</u>, with whom <u>Baker & Hostetler LLP</u>, <u>Thomas H. Wintner</u> and <u>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.</u> were on brief, for appellees.

_____

September 14, 2016

_____

_____

[*] Of the District of Rhode Island, sitting by designation.

**LISI, District Judge.** The Plaintiffs in this class action are former and current tenants of residential property in Massachusetts leased to them by Defendants Archstone and several related entities. In their suit, the Plaintiffs challenged certain "amenity use fees," which, they alleged, were imposed by the Defendants in violation of the Massachusetts Security Deposit Statute, Mass. Gen. Laws ch. 186, § 15B, and Chapter 93A of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 1 *et seq.* The underlying litigation having long been resolved with a complete settlement between the parties, this appeal springs solely from class counsel's dissatisfaction with the amount of attorneys' fees awarded to them by the district court. Because the district court did not abuse its discretion in fashioning the fee award, we affirm.

A.   Background

1.   The Hermida Litigation

In the related case of Hermida v. Archstone et. al, C.A. No. 10-12083-WGY (D. Mass., U.S. District Judge William G. Young presiding), other Archstone tenants had previously brought identical claims against one of the Defendants' corporate affiliates. The Hermida plaintiffs were represented by the same law firms as in the instant case.

On November 29, 2011, the district court granted

-3-

summary judgment on liability in favor of the Hermidas, determining that the amenity use fees charged by the Defendants violated the Massachusetts Security Deposit Statute. Hermida v. Archstone et. al, 826 F. Supp.2d 380 (D.Mass. 2011). Eventually, the Hermida case was settled and the district judge awarded attorneys' fees and costs of $62,714.38, which was less than half of the lodestar amount requested by counsel. Hermida v. Archstone et. al, 950 F.Supp.2d 298 (D.Mass. 2013). In a detailed Memorandum and Order, the district judge explained the reduction in fees for time spent by counsel on travel, on performing clerical and administrative tasks, and for the practice of block billing. Id. at 311-315.

2. The Heien Litigation

On May 17, 2012, after the question of liability had already been decided in Hermida, the Plaintiffs filed a class action suit against Archstone and eleven other related entities. In their complaint, the Plaintiffs stated that "the principal common issues with respect to the class are whether Archstone's charging of the amenity fee violated the Security Deposit statute and chapter 93A." Complaint at ¶ 71 (ECF No. 2-1) The Plaintiffs acknowledged that "Judge Young's decision in the Hermida v. ASN Reading case, Docket No. 1:10-CV-12083-WGY, is precisely on point." Id.

-4-

On August 23, 2012, the district court stayed the instant class action, pending waiver or resolution of all appeals of the judgment entered in Hermida. Electronic Order (ECF No. 41). In a September 30, 2012 status report, the Plaintiffs informed the district court that the parties were in settlement discussions. Status Report (ECF No. 43).

On March 13, 2014, the Plaintiffs filed an unopposed motion in which they requested, *inter alia*, preliminary approval of a proposed settlement. Pltfs.' Mot. for Settlement (ECF No. 47). The settlement agreement reflects that the case was being settled simultaneously with Hermida and that "by virtue of the settlement in Hermida there will be no appeals and therefore there is no longer a reason to stay the Action." Class Action Settlement Agreement (ECF No. 49 at Page 2 of 29). The settlement fund was capped at $1,300,000 for payment of individual claims and attorneys' fees and costs. Id. at Page 3 of 29. Under the terms of the settlement agreement, the Defendants agreed "[t]o not object to the payment of attorneys' fees and expenses from the Class Settlement Fund in an amount up to 15% of the total Fund amount ($1,300,000.00)." Id. at Page 5 of 29. Any sums remaining in the settlement fund after payment of all individual claims, administration expenses, and attorneys' fees were to be returned to the Defendants. Id. at

-5-

Page 8 of 29. The district court granted the Plaintiffs' motion to approve the settlement on March 27, 2014. Electronic Order (ECF No. 50).

On June 3, 2014, Plaintiffs' counsel filed a motion for attorneys' fees and costs, in which they requested payment of $429,000 (33% of the maximum settlement fund) for their services in this case. Pltfs.' Mot. for Attorneys' Fees and Costs (ECF No. 53). In their motion, the Plaintiffs acknowledged that the case "by itself did not involve intense litigation, given the imposition of the stay," and they conceded that the case "only was filed because Judge Young concluded that the Hermidas did not have standing to assert claims against the defendants in this action." Id. at 7. Counsel's submissions in support of the fee motion included billing records that showed lodestar attorneys' fees of $58,693. Exhibits A-F to Pltfs.' Mot. for Attorneys' Fees and Costs (ECF Nos. 53-1, 53-2, 53-3). The Defendants responded with an objection to the motion, suggesting that the district court consider the effect of Hermida on the case, as well as the significantly lower lodestar amount submitted by Plaintiffs' counsel. Defs.' Obj. to Class Counsel's Petition for Attorneys' Fees (ECF No. 54 at 1-2).

3.   The Order

On October 2, 2014, the district judge entered an

electronic order awarding, without further explanation or analysis, attorneys' fees in the sum of $29,250. Electronic Order (ECF No. 66). Plaintiffs' counsel promptly filed a Motion for Written Findings of Fact and Rulings of Law (ECF No. 67), in response to which the district court issued a written order on October 15, 2015. Order (ECF No. 73). The order states as follows:

ORDER

In response to Class Counsel's Motion for Written Findings of Fact and Rulings of Law, ECF No. 67, this Court clarifies its order awarding the attorneys' fees in the sum of $29,250.00. Order, ECF. No.66.

The attorneys' fees in the awarded amount are appropriate because this Court resolved the issues of law relevant for this case in a related action <u>Hermida</u> v. <u>Archstone</u>, 826 F. Supp. 2d 380 (D. Mass. 2011). Moreover, this Court stayed this class action pending waiver or resolution of all appeals of the judgment entered in <u>Hermida</u>. Order, ECF No. 41. This case, therefore, did not proceed to the discovery stage and the parties did not engage in significant motion practice. This Court also considered the actual benefit recovered for the class members, Joint Report Status 3, ECF No. 60, and took into account that the Defendants promptly agreed to settle the dispute.

SO ORDERED.

## B. Standard of Review

This Court reviews a district court's determination regarding attorneys' fees only for a mistake of law or abuse of discretion. <u>In re Volkswagen and Audi Warranty Extension Litigation</u>, 692 F.3d 4, 13 (1st. Cir. 2012); <u>United States</u> v.

-7-

Metropolitan Dist. Com'n, 847 F.2d 12, 14 (1st Cir. 1988)(citing Wojtkowski v. Cade, 725 F.2d 127, 130 (1st Cir.1984)); Maceira v. Pagan, 698 F.2d 38, 39 (1st Cir.1983). While mistakes of law "always constitute abuses of a court's discretion," Airframe Sys., Inc. v. L-3 Commc'ns Corp., 658 F.3d 100, 108 (1st Cir.2011), a fee determination will be set aside only "if it clearly appears that the trial court ignored a factor deserving significant weight, relied upon an improper factor, or evaluated all the proper factors (and no improper ones), but made a serious mistake in weighing them." Id. (quoting Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 292–93 (1st Cir.2001)).

As this Court has previously explained, "in a common fund case the district court, in the exercise of its informed discretion, may calculate counsel fees either on a percentage of the fund basis or by fashioning a lodestar." In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation, 56 F.3d 295, 307 (1st Cir.1995). The Court recognized that the percentage-of-fund method "in common fund cases is the prevailing praxis" and acknowledged the "distinct advantages that the POF method can bring to bear in such cases." Id. However, the Court has also noted that the percentage-of-fund approach "may result in the overcompensation of lawyers in

-8-

situations where actions are resolved before counsel has invested significant time or resources." Id. If the fee is determined according to the lodestar approach, "it is the court's prerogative (indeed, its duty) to winnow out excessive hours, time spent tilting at windmills, and the like." Gay Officers Action League v. Puerto Rico, 247 F.3d at 296 (citing Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 337 (1st Cir.1997)).

Finally, the Court is mindful of the Supreme Court's admonition that "fee litigation can, but should not, transform into the tail that wags the dog." Victor Corp. v. Vigilant Ins. Co., 674 F.3d 1, 20 (1st Cir.2012)(citing City of Burlington v. Dague, 505 U.S. 557, 566, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992)). As long as there is a basis for understanding the district court's reasoning, the findings "'need not be infinitely precise, deluged with details, or even fully articulated.'" Victor Corp. v. Vigilant Ins. Co., 674 F.3d at 20 (quoting Foley v. City of Lowell, 948 F.2d 10, 20 (1st Cir.1991)).

C. The Parties' Positions

The Plaintiffs make two arguments on appeal. They assert that in considering the actual benefit recovered for the class members, the district court committed legal error under

Boeing Co. v. Van Gemert, 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed. 2d 676 (1980)(affirming attorney award from total amount of class action judgment, including unclaimed portion, on the basis that the class action bestowed a benefit even on class members who did not file a claim). In the alternative, the Plaintiffs contend that when viewed against other cases in which attorney awards ranged between 20 and 30 percent of the total common fund, it was abuse of discretion by the district court to award to class counsel what amounts to 2.25 percent of the common fund in this case.

On their part, the Defendants contend that the attorneys' fees awarded in this case are tied to the lodestar award in Hermida, and they suggest that the rationale for the reduced award in the instant case is implied in the district judge's reasoning in Hermida.

D. Discussion

It is undisputed that the relevant legal issues in this case were decided in Hermida before this case was even filed; that the case was stayed shortly after its commencement until final settlement; and that the parties did not engage in any discovery or motion practice. Moreover, although the common benefit fund amounted to $1,300,000, only a small portion, $180,480, was paid out to the individual claimants. Joint Status

-10-

Report (ECF No. 60 at Page 3 of 4). Following settlement of the case, class counsel sought $429,000 in attorneys' fees, more than seven times counsel's asserted lodestar amount of $58,693.

In the October 15, 2015 order, the district court gave several reasons why the court deemed the amount of the award appropriate. First, the court pointed out that the relevant legal issues had already been resolved in Hermida. Order ECF No. 73 at 1. "Moreover," the court pointed out that the Heien case had been stayed pending waiver or resolution of all appeals in Hermida and that, as a result, the Heien case had not proceeded to discovery, nor had the parties engaged in any significant motion practice. Id. at 2. Further, the court took into account the fact that the Defendants agreed to settle this matter "promptly." Id. Finally, the court stated that it had "also considered" the actual benefit recovered for the class members in Heien. Id.

The Plaintiffs have focused on the single reference to the claimed portion of the common benefit fund to arrive at the conclusion that the court impermissibly based the fee award on only that consideration. However, the order as a whole, especially when viewed against the procedural history of this case and the close connection to Hermida, makes clear that this consideration was only one of the factors the district court

-11-

included. The primary reason given for the size of the award is that the case had required little, if any, legal work. As the Plaintiffs had repeatedly conceded, the legal issues in this case had already been resolved in Hermida. The fee award in this case, set at almost exactly half of the lodestar amount submitted by the Plaintiffs, was entirely consistent with the lodestar-based attorneys' fee award in Hermida, where counsel had already been provided with detailed reasoning and precise calculations by the court. The order in this case makes two separate references to Hermida, indicating that, just like in Hermida, the award for attorney's fees was based on the lodestar method and then reduced to what the district court considered an appropriate award. Boeing, which affirmed a fee award based on the total amount of a class action judgment, does not render a consideration of the claimed benefits as one of the factors in awarding attorney's fees legal error in a lodestar calculation. Such consideration is not impermissible under the lodestar method because it clearly relates to one of the twelve factors enunciated in Hensley v. Eckerhart, 461 U.S. 424, 430, 103 S.Ct. 1933, 76 Ed.2d 40 (1983)(listing among the factors "the amount involved and the results obtained" and confirming that "the level of a plaintiff's success is relevant to the amount of fees to be awarded.").

-12-

The Plaintiffs' alternative suggestion that the fee award constitutes an impermissibly low percentage of the total common fund may be dealt with in short order. As stated by the district court, it reflects the court's effort to fashion a reasonable and appropriate fee award in consideration of the unique procedural history of this case and its close connection to Hermida. The court gave several reasons for awarding $29,250 to class counsel, none of which are the subject of factual dispute. In addition, the district judge detailed in the fee memorandum and order in Hermida his rationale for reducing attorneys' fees for block billing and for time spent on travel and administrative tasks.

The order in this case left room for speculation by the parties as to the method utilized by the district court to arrive at the fee award. While the inclusion of an explanation as to the district court's elected method or of the court's calculation of the award might have foreclosed such speculation—and, we think it to be the better practice—neither the absence of such mathematical analysis nor the amount of the award itself constitute an abuse of discretion.

**Affirmed.**

Each side to bear its own costs.