USCA1 Opinion

 

 November 10, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1521 BERNARD KULINGOSKI, Plaintiff - Appellant, v. LIQUID TRANSPORTERS, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Keeton,* District Judge. ______________ _____________________ Edward H. Moquin, with whom Moquin & Daley, P.A. was on _________________ _____________________ brief for appellant. Charles J. Dunn, with whom Wadleigh, Starr, Peters, Dunn & _______________ ________________________________ Chiesa was on brief for appellee. ______ ____________________  ____________________ * Of the District of Massachusetts, sitting by designation. ____________________ -2- Per Curiam. Bernard Kulingoski brought a negligence Per Curiam __________ action against Liquid Transporters, Inc., a commercial transporter, after sustaining injuries from falling off of one of its "hopper" trailers. He alleges that Liquid Transporters was negligent in failing to provide a safe standing surface to work from on its trailers. Liquid Transporters presented a defense that Kulingoski's employer, W.R. Grace Co., who was not a party to the action, was responsible for the accident, based on its failure to require its employees to follow proper safety precautions while loading the trailer. A trial was held, and the jury returned a verdict for Liquid Transporters. Kulingoski now appeals, claiming that the district court erred by admitting evidence regarding Liquid Transporters' defense that W.R. Grace's omissions constituted a superseding cause of the accident, and then instructing the jury with respect to this defense. For the foregoing reasons, we affirm. I. BACKGROUND I. BACKGROUND A. Facts A. Facts Liquid Transporters furnishes trucks, trailers and tankers in order to haul products on behalf of manufacturers to different locations throughout the United States and Canada. Liquid Transporters had a contract with W.R. Grace, a chemical company located in Nashua, New Hampshire, pursuant to which Liquid Transporters would haul a dry, powdered product produced by W.R. Grace to a Proctor & Gamble plant in Ontario, Canada. W.R. Grace's security procedures required Liquid -2- Transporters to use the following system to transport the chemical powder. A Liquid Transporters' employee would drive a truck-tractor and trailer up to the gate of W.R. Grace, and leave the trailer at the gate. When W.R. Grace had completed producing the chemical powder, one of its employees would take a W.R. Grace truck-tractor, hook it up to the empty Liquid Transporters' trailer, and bring the trailer to a W.R. Grace loading platform area. W.R. Grace employees would then load the trailer, and a W.R. Grace employee would then deliver the trailer back to the front gate area. A Liquid Transporters' driver would then pick up the trailer and deliver it to Canada. Kulingoski worked for W.R. Grace, and was responsible for loading the trailer with the chemical powder. W.R. Grace's ordinary procedure for loading this type of trailer was for an employee to stand on the loading area platform and push a button which lowers a chute down into each of several portholes located on the top of the trailer. The trailer is designed with a walkway along the side of the top which is used when an employee loading the trailer needs to adjust the chute. On September 15, 1990, the night of the accident, due to the way the trailer had previously been loaded, Kulingoski had to rake the chemical powder into the trailer's portholes. While he was standing near the trailer's front edge and raking the chemical powder, Kulingoski fell off the trailer and was injured. B. Proceedings Below B. Proceedings Below Kulingoski originally brought this action in New -3- Hampshire state court, and Liquid Transporters removed the action to federal court on the basis of diversity jurisdiction. During the course of the trial, Kulingoski contended that Liquid Transporters was negligent, based on its failure to provide a pierced steel leveled surface on the top of the trailer, which would prevent skidding and reduce the hazard of slipping while working on the trailer. Liquid Transporters asserted a defense that W.R. Grace's failure to require its employees to follow appropriate safety procedures when loading the trailer was a superseding cause of Kulingoski's accident. Throughout the trial, Kulingoski opposed this defense, claiming that based on the facts of this case, the defense was not legally cognizable under New Hampshire law. Specifically, Kulingoski filed a motion in limine to exclude all evidence regarding W.R. Grace's unused __ ______ safety harness system. Kulingoski also objected to the court's decision to instruct the jury on the superseding cause defense. The court denied the motion in limine and overruled Kulingoski's __ ______ objections to its jury instructions. Following a two day trial, the jury returned a verdict for Liquid Transporters. Kulingoski now appeals. II. ANALYSIS II. ANALYSIS A. The Jury Instructions A. The Jury Instructions A party is entitled to have its legal theories on controlling issues, which are supported by the law and the evidence, presented to the jury. See Jerlyn Yacht Sales, Inc. v. ___ ________________________ Wayne B. Roman Yacht Brokerage, 950 F.2d 60, 68-69 (1st Cir. ________________________________ -4- 1991). When reviewing the adequacy of jury instructions, the question is whether the trial judge gave adequate instructions on each element of the case to insure that the jury fully understood the issues, or whether the instructions tended to confuse or mislead the jury. See Davet v. Maccarone, 973 F.2d 22, 26 (1st ___ _____ _________ Cir. 1992); Shane v. Shane, 891 F.2d 976, 987 (1st Cir. 1989); _____ _____ see, e.g., Jerlyn Yacht Sales, 950 F.2d at 69. An error in jury ___ ____ __________________ instructions will warrant reversal of a judgment only if, upon review of the record as a whole, the error is determined to be prejudicial. Davet, 973 F.2d at 26; Transnational Corp. v. Rodio _____ ___________________ _____ & Ursillo, Ltd., 920 F.2d 1066, 1070 (1st Cir. 1990). _______________ The court's instruction to the jury on superseding cause was supported both by the law of New Hampshire and the facts of the case. "New Hampshire law follows the principle that a defendant is relieved of liability by a superseding cause of the accident which he could not reasonably be found to have a duty to foresee." Bellotte v. Zayre Corp., 531 F.2d 1100, 1102 ________ ___________ (1st Cir. 1976) (citing Morin v. Manchester Housing Authority, _____ _____________________________ 195 A.2d 243, 245 (N.H. 1963)); see Reid v. Spadone Machine Co., ___ ____ ___________________ 404 A.2d 1094, 1098-99 (N.H. 1979). In the usual case, there is no legal reason which prevents a defendant from arguing that a third person's negligence was the sole proximate cause of the plaintiff's injury. See Reid, 404 A.2d at 1099 (citing Murray v. ___ ____ ______ Bullard Co., 265 A.2d 309, 312 (N.H. 1970)). The availability of ___________ the defense depends on the "reasonable" foreseeability of the act of the third party. Reid, 404 A.2d at 1099. Absent special ____ -5- circumstances, a defendant is not expected to anticipate the wrongful conduct of others. See Morin, 195 A.2d at 245. ___ _____ Additionally, where after a defendant commits a negligent act, a duty then devolves on another person in reference to such act or condition, and this person fails to perform his duty, such failure may be superseding cause of any resulting injury. See ___ generally Restatement (Second) of Torts 452; cf. Murray, 265 _________ __ ______ A.2d at 312 (finding that charge to jury with respect to employer's failure to properly adjust machine as a superseding cause which defendant manufacturer could not have reasonably foreseen, was appropriate under New Hampshire law). Liquid Transporters introduced sufficient evidence to support a superseding cause defense. Evidence introduced at trial permitted the jury to reasonably conclude that Kulingoski's employer, W.R. Grace, failed to require its employees to use a safety harness while loading trailers, like the one involved in this accident. A "Health and Safety Coordinator" at W.R. Grace, James Todd, testified that there was safety harness equipment available in the loading dock area at the time of Kulingoski's accident, but that W.R. Grace failed to require its employees to use this safety equipment. W.R. Grace's accident report stated that the accident was caused by Kulingoski's failure to use and observe "safety appliance or regulation." Additionally, Kulingoski himself testified that an improved harness system, that W.R. Grace introduced after his accident, made it "safe" for him to work on the trailer. -6- The evidence also indicated that Liquid Transporters could not have reasonably foreseen W.R. Grace's failure to require its employees to follow adequate safety procedures when loading trailers. W.R. Grace required Liquid Transporters to leave its trailers outside of its plant, and Liquid Transporters had no opportunity to witness W.R. Grace employees loading Liquid Transporters' trailers. On appeal, Kulingoski makes two specific arguments challenging Liquid Transporters' superseding cause defense. First, he argues that the lack of an adequate safety harness system was not a cause of the incident, and therefore "the harness cannot be a superseding intervening cause if it is not first a cause." Kulingoski's contention misconstrues the nature of Liquid Transporters' defense, as well as the law regarding superseding cause. First, Liquid Transporters does not argue that the absence of the harness itself was a superseding cause of the accident. Rather, it argues that W.R. Grace's failure to require that Kulingoski wear a safety harness was the superseding cause of Kulingoski's accident. Second, the superseding cause defense presumes that the defendant was originally negligent, but that some unforeseeable intervening act later operates to supersede the defendant's negligence. This intervening act is then deemed to be the superceding cause of the plaintiff's injury. See, e.g., Bellotte, 531 F.2d at 1102; Reid, 404 A.2d at ___ ____ ________ ____ 1098-99; Morin, 195 A.2d at 245. See also Restatement (Second) _____ ________ of Torts 440. -7- Kulingoski also claims that the court's instructions regarding superseding cause were confusing and the jury did not understand them. Kulingoski does not point to specific statements in the jury instructions which were erroneous or confusing. Rather, he bases this assertion on the fact that because the jury returned a verdict in favor of Liquid Transporters very quickly, this indicates that the jury must have been confused about the issue of superseding cause, and therefore the court's instructions were erroneous. We find this contention entirely meritless. We have reviewed the actual instruction given to the jury, and believe that it was an accurate statement of New Hampshire law regarding superseding cause. There is simply no basis for Kulingoski's argument that the jury was confused.1 Rather, Kulingoski's contention appears to simply be a reflection of his disbelief that the jury found against him. B. The Admission of Evidence B. The Admission of Evidence Kulingoski also claims that the court erred by admitting evidence regarding the safety harness. Kulingoski rests this contention on his belief that W.R. Grace's failure to provide a safety harness could not have been a superseding cause of the accident based on the law of New Hampshire. The admission and exclusion of evidence is primarily  ____________________ 1 We also believe that the jury was perfectly capable of understanding that New Hampshire has a no-fault workers' compensation system, and that because W.R. Grace had paid Kulingoski workers' compensation benefits, it was not admitting fault which then relieved Liquid Transporters of liability. -8- committed to the discretion of the trial court, and this determination will not be disturbed absent a showing of an abuse of discretion. Doty v. Sewall, 908 F.2d 1053, 1058 (1st Cir. ____ ______ 1990). Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is admissible, although it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. As noted above, Liquid Transporters' defense of superseding cause was supported by the law of New Hampshire. Given that this defense was legally cognizable, Liquid Transporters was entitled to introduce evidence which supported this defense. Evidence regarding the availability of safety equipment and the effectiveness of such safety equipment, tended to show that W.R. Grace's failure to require its employees to use such safety equipment was negligence, which therefore could have constituted a superseding cause of Kulingoski's accident. Kulingoski has failed to point to any reasonable danger of unfair prejudice or confusion, which was produced by admitting the evidence, and which would justify excluding the evidence under Fed. R. Evid. 403. Moreover, we fail to see any reason for excluding the evidence. Therefore, the court properly admitted the evidence. -9- For the foregoing reasons, we affirm.  ______ -10-